UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


THEODIS BROWN, SR.,              )
                                 )
           Plaintiff,            )
                                 )
     vs.                         )     No. 4:05-CV-584 (CEJ)
                                 )
JOHN E. POTTER,                  )
Postmaster General,              )
United States Postal Service,    )
                                 )
           Defendant.            )

                       **MEMORANDUM AND ORDER**

    Before the Court is the defendant's motion to dismiss or, in the alternative, for summary judgment. Plaintiff opposes the motion, and the issues are fully briefed.

    Plaintiff Theodis Brown, Sr., *pro se*, brings this employment discrimination action against defendant John E. Potter, Postmaster General of the United States Postal Service ("USPS"). Plaintiff alleges that defendant failed to employ him, attempted to terminate his employment, and failed to promote him, on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964. His complaint includes allegations of other wrongful acts by the defendant that do not relate to plaintiff's employment by the USPS.[1] Plaintiff also purports to bring claims pursuant to the

---

[1]Plaintiff claims that other acts against him include refusal to make public accommodations for him, "to wit; blocking petitions for police, fire, new city, CID hometown my orders, instructions." He also alleges, "political oppressions, creating hostile work environment for blk [sic] fire chief, local elected committeeman area. failure [sic] to appoint me as black to boards or committees; like mech code review committee, police board, fire committee. wont [sic] issue summones [sic], on my request to enforce fire codes laws. wont [sic] allow fdid

Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961; the False Claims Act, 31 U.S.C. § 3729; the Ku Klux Klan Act of 1871, codified at 42 U.S.C. § 1985(3); "Slander"; "Libel"; 18 U.S.C. 241, 242, 371; 5 U.S.C. 552; 42 U.S.C. § 1983; and, Mo. Rev. Stat. § 287.780.

## I. Background

The USPS hired plaintiff as a casual employee on five occasions during the years 2002 and 2003.[2] As part of the hiring process, plaintiff completed a "Medical History Questionnaire." The questionnaire is given to all incoming casual employees as part of the medical assessment process in lieu of a complete physical. Question 72 of the questionnaire asked: "Have you, or has anyone acting on your behalf, ever filed an injured-on-duty claim for a work-related injury?" Plaintiff answered, "No." His application was submitted to routine screening by the Postal Inspection Service (USPIS). Through an insurance database index search, the USPIS found that plaintiff had filed workers compensation claims through

---

9546 to sign bldg permit forms properly." These allegations are a listing of wrongdoings against plaintiff that are unrelated to his employment at the USPS and to which defendant had no control.

Plaintiff also attached to his complaint, beginning at page 6, a complaint pursuant to the Missouri Rights Acts for alleged wrongdoings that occurred while he was a fire marshal. Defendant had no control over plaintiff's previous employment. The Court is unclear as to why this complaint was attached.

[2]A casual employee is a temporary employee hired to supplement the career workforce for a limit of two ninety-day terms in a calendar year and a twenty-one day appointment during the Christmas period. Plaintiff was hired on September 7, 2002, December 6, 2002, January 1, 2003, April 1, 2003, and July 5, 2003.

Hartford Insurance, Fireman's Fund Insurance, Continental Insurance, and American States Insurance. On August 18, 2003, Michael F. McDougell, a postal inspector for the USPIS, interviewed plaintiff concerning the disparity between his answer to Question 72 and the workers compensation claims. Plaintiff admitted that he had previously made job-related injury claims. However, he stated that his response to Question 72 was a mistake and that he had hurriedly completed the form.

On September 22, 2003, plaintiff met with Bruce Moore, the manager of USPS station where plaintiff worked. Plaintiff and defendant give two different scenarios for this meeting.[3] Defendant asserts that, during this meeting, Mr. Moore issued plaintiff a notice of termination for providing false information. In his declaration, Mr. Moore states that plaintiff asked if he could go "downtown" to resign. Mr. Moore told plaintiff that he should have resigned earlier. Mr. Moore also told plaintiff that he had to give plaintiff the notice of termination. Mr. Moore asserts that it was his understanding that an employee cannot resign after being issued a notice of termination.

Plaintiff asserts that on September 22, 2003, he submitted a resignation form to Mr. Moore by delivery to a clerk named "Linda." He states that Mr. Moore did not give him termination papers.

---

[3]Plaintiff filed an opposition to defendant's motion and two motions to strike defendant's motion. The first motion to strike is illegible and has not been considered. The Court treats plaintiff's second motion as a supplemental response. Plaintiff's accounts derive from these documents.

-3-

Plaintiff attached a copy of his completed resignation form to his second motion to strike defendant's instant motion.

Defendant also submits exhibits showing that casual employees Roxanne Johnson, James Porterfield, Reginald Sayles, and Lamont Taylor, were interviewed and terminated for providing false information in answer to question 72 on the medical questionnaire. A memorandum regarding the USPIS screening of Roxanne Johnson reveals that she is female. No other evidence has been submitted as to the race or sex of these individuals.

Plaintiff filed an Equal Employment Opportunity complaint against the USPS, alleging discrimination based on race, sex, age, and retaliation. On October 7, 2003, the USPS EEO filed acceptance of the complaint, citing two issues: (1) "Interviewed and harassed by the Postal Inspection Service relative to his employment application"; and, (2) "Issued a Notice of Termination from the Postal Service for falsification of his employment application: resigned from the Postal Service due to job discrimination and his PS Form 50 states he was removed from the Postal Service." The dates of the incidents at issue are August 18, 2003 and September 22, 2003. The USPS complaint acceptance states that the complaint was to be transferred to the USPS National Equal Employment Opportunity Investigative Services in Tampa, Florida. Ultimately, an EEOC administrative judge issued a decision, without a hearing, on October 25, 2004. The administrative judge found that plaintiff "failed to establish that he was subjected to discrimination or retaliation when he was interviewed by the Postal Inspection

Service and terminated from his employment with the Agency." The USPS implemented the administrative judge's final decision. On April 4, 2005, the EEOC denied plaintiff's request for an appeal and gave him notice of his right to sue. Plaintiff filed the instant action on April 12, 2005, asserting claims of employment discrimination based on race and sex.

**II. Discussion**

   **A. Claims before the Court**

As a preliminary matter, the Court must first determine which claims are properly before it. Plaintiff's form complaint contains allegations of discrimination on the bases of race and sex. He also alleges causes of action based on various state and federal statutes and common law, such as "obstruction of justice, public accommodation refusal law." Plaintiff does not explain how these additional causes of action are related to his employment claim. "[T]he exclusive judicial remedy for claims of discrimination of federal employment" is found in § 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c). Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976). Title VII is both "exclusive and pre-emptive" as to claims of federal employment discrimination. Id. at 29. Thus, the Court will dismiss for lack of jurisdiction all claims brought by plaintiff under any statute or law other than Title VII of the Civil Rights Act of 1964.

Plaintiff's EEO complaint alleged retaliation and race, sex, and age discrimination. Defendant addresses all four of these claims in his brief under analyses for both a motion to dismiss and

-5-

summary judgment. However, because plaintiff's complaint before this Court only indicates discrimination based on race and sex, the Court will only address those claims.[4] The Court concludes that it is proper to address plaintiff's claims under a summary judgment standard.

**B. Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986); Fed. R. Civ. P. 56(c). Once

---

[4] Plaintiff's race and sex discrimination claims were properly exhausted on administrative review. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC.").

the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "Summary judgment should seldom be granted in employment discrimination cases because intent is often the central issue and claims are often based on inference. Summary judgment should not be granted unless the evidence could not support any reasonable inference of discrimination." Peterson v. Scott County, 406 F.3d 515, 520 (8th Cir. 2005) (citations omitted). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**C. Analysis**

In his complaint, plaintiff claims that the USPS failed to employ him, attempted to terminate his employment, and failed to promote him. Defendant argues that he is entitled to summary judgment on all of plaintiff's claims because plaintiff cannot establish a prima facie case of discrimination. Additionally, defendant argues that he has articulated a legitimate non-discriminatory reason for actions taken against plaintiff that

plaintiff cannot rebut. Plaintiff's memorandum in opposition does not address defendant's motion.[5]

In the absence of direct evidence of discrimination, the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993), applies to claims of discrimination. Ryther v. KARE 11, 108 F.3d 832, 836 (8th Cir.) (en banc), cert. denied, 117 S. Ct. 2510 (1997). Under the burden-shifting analysis, plaintiff must first establish a prima facie case of intentional discrimination. McDonnell Douglas, 411 U.S. at 802; Kim v. Nash Finch Co., 123 F.3d 1046, 1056 (8th Cir. 1997). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. McDonnell Douglas, 411 U.S. at 802. If the defendant articulates such a reason, the plaintiff must then demonstrate that defendant's reason is a pretext for discrimination. Id.; Kim, 123 F.3d at 1056. The burden of proving discrimination remains on the plaintiff at all times. St. Mary's Honor Center, 509 U.S. at 515-16. The plaintiff must do more at the pretext stage than discredit

---

[5]In his response, plaintiff submits new allegations of conspiracy and intentional infliction of emotional distress against the City of St. Louis and the USPS staff. It appears that plaintiff's response is a document he filed in a previous case and pasted under the caption for the instant case. The document is typewritten, but bears handwritten arguments that plaintiff asserts against "USPS." Additionally, the document contains allegations concerning workers compensation and retirement benefits in regard to plaintiff's employment as a police officer that have not previously been made in this case and are irrelevant to it.

defendant's reason; the plaintiff must show the defendant's articulated reason is a pretext for discrimination. See id.; see also Ryther, 108 F.3d at 837; Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 777 (8th Cir. 1995).

In order to avoid summary judgment, a plaintiff alleging discrimination must present evidence that, when viewed in its entirety, (1) creates a fact issue as to whether the employer's proffered reason is pretextual, and (2) creates a reasonable inference that a discriminatory motive was a determinative factor in the adverse employment decision. Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996); see also Krenik v. County of LeSueur, 47 F.3d 953, 958 (8th Cir. 1995). Evidence of pretext alone is not sufficient to avoid summary judgment. Ryther, 108 F.3d at 837.

In order to establish a prima facie case of discrimination in this case, plaintiff must show that (1) he is a member of a protected class, (2) he is qualified to perform his job, (3) adverse action was taken against him, and (4) he was treated differently from similarly situated employees outside of his protected class. Hesse v. Avis Rent A Car Sys., Inc., 394 F.3d 624, 631 (8th Cir. 2005). The Court finds that plaintiff satisfies the first and third elements of the prima facie case with respect to his race and sex claims. However, plaintiff fails to satisfy the second and fourth elements because the undisputed evidence is that he made a false statement on the questionnaire and plaintiff has not presented any evidence that would give rise to an inference

of unlawful discrimination. See Turner v. Gonzales, 421 F.3d 688, 994-95 (8th Cir. 2005) (stating that evidence that would give rise to an inference of unlawful discrimination can also satisfy the fourth prong of the prima facie case for discrimination). Plaintiff has not presented any evidence that similarly situated non-African American or female employees were treated differently. Thus, he fails to make a prima facie case for race or sex discrimination.

Even if plaintiff had made a prima facie case for discrimination, defendant has articulated a legitimate business purpose for its action. Defendant argues that plaintiff was terminated for providing false information on the Medical History Questionnaire. Plaintiff admits that his answer to question 72 was false. He has not produced any evidence that defendant's stated reason for his termination is pretextual. He has failed to meet his burden. Thus, the Court will grant defendant's motion for summary judgment as to plaintiff's Title VII employment discrimination claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss, or in the alternative, for summary judgment, [#18] is **granted.**

**IT IS FURTHER ORDERED** that summary judgment is granted in defendant's favor as to plaintiff's Title VII claims.

**IT IS FURTHER ORDERED** that all remaining pending motions in this action are **denied as moot.**

A separate judgment will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT COURT

Dated this 21st day of February, 2006.